IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-01479-JLK-OES**

**MONROE PROPERTY, LLC, a Nevada limited liability company,**

    Plaintiff,

v.

**BACHELOR GULCH RESORT, LLC, a Colorado limited liability company;
VAIL RESORTS DEVELOPMENT COMPANY, a Colorado corporation; and
RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware limited liability corporation,**

    Defendants.

## ORDER

Kane, J.

Attached hereto are the Court's revised Jury Instructions for use at trial in this case. Counsel shall review them carefully before the Final Trial Preparation Conference on Monday, February 6, 2006

Implicit in the revisions are rulings on each side's multiple and varied objections to the proposed instructions of the other. Of those myriad rulings, I highlight the following:

1. The Statement and Nature of the Case instructions have been modified to reflect the law of the case and to explain the chronology of relevant events leading up to the dispute in narrative form. The jury will be instructed that the competing claims for declaratory judgment are to be analyzed as a claim by Monroe that Bachelor Gulch breached or "defaulted in the performance of obligations under" §

   9.1.1 of the Agreement, which, if proved, would trigger Monroe's rights under § 9.1.3 of the Agreement to demand a return of its earnest money.

2. The question of whether Bachelor Gulch was relieved of its obligations under § 9.1.1 of the Agreement after June 24, 2002 will be submitted to the jury in the form of an affirmative defense of repudiation to be proven by Bachelor Gulch. The inclusion of the affirmative defense resolves Monroe's objections to Instruction 1.6 regarding Burden of Proof, and is reflected in Instructions 1.1, 3.1 and 3.4. The jury will not be instructed on the "Effect of Actions after Repudiation" or "Estoppel," because the parties' proposed instructions raise legal arguments that can be made in connection with Instructions 3.4 and 3.5.

3. The jury will not be instructed on any theory that Bachelor Gulch is estopped from demanding or expecting compliance with the notice procedures of § 18.2. The parties are asked to confer, however, regarding the inclusion of a stipulation that Monroe's June 24, 2002 letter constitutes notice for purposes of § 18.2. If they cannot stipulate to this, I will consider adding an instruction to this effect in Section 3 of the Instructions.

4. The jury will not be instructed to award or consider damages. This is a declaratory judgment action in which the request for relief or remedy is specific enforcement of the terms of the Agreement governing termination and a return of earnest money, with interest, on the one hand, and liquidated damages on the other. Specific enforcement of contract terms is a matter for the Court, not the jury.

Accordingly, I will enter judgment in accordance with the terms of the contract – including adding interest to any order for the return of Monroe's earnest money and awarding attorney fees to the prevailing party – as a matter of law after the jury enters its verdict.

Should counsel wish to make further record of their objections to these Final Instructions, they will be able to do so at the Final Trial Preparation Conference and at any other time thereafter as a new objection may arise before trial commences or during breaks.  The Instructions are intended to be organic and may be revised during trial, if necessary.  It is my intent, however, that the Instructions given to the jury at the beginning of trial be as close to final as they can be, and will change them only on a showing of necessity to conform to changes in evidence or law of the case.

I will complete the Special Verdict Form after the Final Trial Preparation conference and will submit it to counsel for their review before finalizing it.

_____

Dated:  February 2, 2006