IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **02-cv-01479-JLK-OES**

**MONROE PROPERTY, LLC, a Nevada limited liability company,**

      Plaintiff,

v.

**BACHELOR GULCH RESORT, LLC, a Colorado limited liability company;
VAIL RESORTS DEVELOPMENT COMPANY, a Colorado corporation; and
RITZ-CARLTON HOTEL COMPANY, LLC, a Delaware limited liability corporation,**

      Defendants.

---

## ORDER REGARDING MOTIONS IN LIMINE

---

Kane, J.

In anticipation of the Final Trial Preparation Conference which has been reset in

this case from Monday, February 6, 2006 to 2 p.m. Thursday, February 9, 2006, I issue

the following ruling on the pending Motions in Limine:

1.    Monroe's ***Motion in Limine to Bar Argument that Declaratory Action Amounts***

    ***to Anticipatory Breach of Contract*** (Doc. 94) is **DENIED** as **MOOT**.  The

    substantive issues raised in the Motion have been resolved in the course of

    finalizing the jury instructions and no further relief is warranted or necessary.

2.    Monroe's ***Motion in Limine to Bar Defendants from Arguing that the Contract***

    ***at Issue was Bargained for or Negotiated*** (Doc. 97) is **DENIED**.  The suggestion

    that the parties' Agreement was *not* bargained for or negotiated has never been

    part of Plaintiff's theory of the case.  The law of the case is that the Agreement

into which the parties entered in December 1999 was valid and remained valid at least until through the disputed time period in June 2002.

3.    I will hear argument at the Final Trial Preparation Conference on Monroe's ***Motion in Limine to Bar Creditworthiness Argument Pertaining to Assignment*** (Doc. 93), but observe that if Bachelor Gulch has no intention of making such argument, the issue is moot. Similarly, I will hear argument on the remaining ***Motions in Limine re the Court's Decisions and to Exclude Certain Evidence*** (Docs. 95, 96), but caution the parties that the substance of many of Monroe's concerns can and must be raised at trial in the context of specific assertions made or evidence offered and are not amenable to pre-determination in limine. We will discuss at the Final Trial Preparation the types of representations and statements that may and may not be made during *voir dire*, opening statements and trial generally, but I admonish counsel now that they are expected at all times to comply with all applicable Federal Rules of Evidence and Civil Procedure. Comments to the jury about an adversary's handling of the case or failures to stipulate to facts or otherwise to cooperate are unacceptable and will be met with swift and negative reaction by the Court.

Based on the foregoing, the only Motions left for determination at the Final Trial Preparation Conference are Docket Nos. 93, 95 and 96.

Dated February 2, 2006.                       **s/John L. Kane**

                                                         Senior U.S. District Judge